# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

STAN WARREN MOORE,      )
                                 )
      Plaintiff,           )
                                 )
v.                               )   Case No. 5:16-cv-00022-MHH-SGC
                                 )
JAMES SEALEY, Sergeant,    )
                                 )
      Defendant.       )

## MEMORANDUM OPINION

On June 2, 2016, the magistrate judge notified the parties that the Court would treat the defendant's special report as a motion for summary judgment. (Doc. 15). On February 16, 2017, the magistrate judge entered a report in which she recommended that the Court grant the defendant's motion for summary judgment and dismiss this action with prejudice. (Doc. 21). The magistrate judge advised the parties of their right to file specific written objections within fourteen (14) days. (Doc. 21, pp. 19-20). To date, no party has filed objections.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In addition, a district court may "receive further evidence." *Id.* A district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9

(11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988);

*Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Having reviewed the record, including Mr. Moore's complaint and the report

and recommendation, the Court finds no misstatements of law in the report.  The

magistrate judge rejected Mr. Moore's assertion in his summary judgment response

that there are photographs that contradict the body charts that appear in the court

record because Mr. Moore did not sign his response to the motion for summary

judgment and because Mr. Moore did not mention the photographs in his

complaint.  (Doc. 21, p. 8).  In addition, the magistrate judge correctly pointed out

that Mr. Moore could have asked for the photographs when he requested discovery

(Doc. 13), but he did not do so.  (Doc. 21, p. 9).

Evidence in the record, namely the incident report, confirms that Lieutenant

Waver took photographs of Mr. Moore following the incident with Sergeant

Sealey.  (Doc. 12-2, p. 1).  The incident report states that the photographs are

attached (*Id.*), but the photographs are not attached to the copy of the incident

report that appears in the court record.  (Doc 12-1).  Pursuant to 28 U.S.C. §

636(b)(1)(C) and Federal Rule of Civil Procedure 56(e)(4), to complete the record,

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §§ 636(b)(1)(B)-(C).

the Court orders Sergeant Sealey to produce the photographs of Mr. Moore within 14 days.

Given the absence of objections, the Court provisionally accepts the magistrate judge's recommendation for entry of judgment in favor of Sergeant Sealey. Following the Court's review of the photographs, the Court will enter a final order. The Court directs the Clerk to please TERM Docs. 12 and 21.

**DONE** and **ORDERED** this March 30, 2017.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE